UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SRMOF REO 2011-1 TRUST, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:13-CV-792 CAS |
| LYLE D. JOHNSON, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to remand to the Associate Circuit Court of St. Charles County, Missouri. Upon review of the state court documents, it is apparent that this Court lacks subject matter jurisdiction over this case. As a result, the Court will remand this action back to the Court from which it was removed.

**Background**

On August 30, 2012, plaintiff, a Trust, filed an unlawful detainer action against defendant Lyle Johnson in the Associate Circuit Court of St. Charles County, Missouri in Case No. 1211-AC06232. See Petition in Unlawful Detainer, attached to Defendant's Notice of Removal.[1] In the state court action, the Trust was seeking to obtain possession of a house occupied by Mr. Johnson that it had bought in a foreclosure sale. Mr. Johnson entered his appearance on his own behalf in the unlawful detainer action on September 24, 2012, and he filed a motion to dismiss the action.[2]

---

[1] The real property at issue concerns "Lot 110 of the Manors at Orchard Glen, as Per Plat Thereof recorded in Plat Book 42 Page 40 of the St. Charles County Records." This property is also known as: 171 Berry Manor Circle, St. Peters, Missouri 63376.

[2] Nearly six months after entering his appearance, Mr. Johnson filed a notice of removal in the unlawful detainer action, on or about April 22, 2013. Clearly he failed to comply with the time limits set forth in 28 U.S.C. § 1446(b)(1) requiring a litigant to file a notice of removal within

From Court filings attached to plaintiff's motion to remand, it is apparent that judgment was entered in favor of plaintiff in the unlawful detainer action on March 19, 2013, approximately one month prior to removal of the case to this Court. Although it appears that plaintiff has attempted to reverse the state court judgment by filing various post-trial motions[3], going so far as to attack the judgment through collateral bankruptcy proceedings, the state court judgment in favor of the Trust remains proper and enforceable.

At the culmination of the unlawful detainer action, the Trust was awarded possession of the real property at issue, as well as rent at the rate of $4000 per month, commencing August 12, 2012, until such time as the Trust obtains possession of the premises. The Trust filed its writ of execution seeking to secure possession on April 26, 2013.

## Discussion

Defendant, Lyle Johnson, now seeks to remove the unlawful detainer action to this Court. In his notice of removal, defendant claims that the Trust is "not the true and beneficial party of interest [and] therefore lacks standing to bring [an] unlawful detainer action." He additionally claims, in a conclusory manner, that "the complaint presents federal questions."

---

thirty (30) days of "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

[3]Mr. Johnson has filed a motion to set aside the judgment, which was denied by the state court on May 7, 2013, in addition to filing a Chapter 13 bankruptcy proceeding, which was dismissed by the Honorable Kathy A. Surratt-States on April 24, 2013. See In the Matter of Lyle D. Johnson, Case No. 13-42278-659 (Bankr. E.D. Mo.).

Under 28 U.S.C. § 1441(a), an action is removable from state court to federal court only where the federal court has "original jurisdiction."[4] The Court notes that defendant has failed to specifically state the jurisdictional grounds for removing this action to federal court. Mr. Johnson does not set forth any laws or constitutionally-protected rights that this case allegedly involves.[5] See 28 U.S.C. § 1331. And the Court notes that an unlawful detainer action is a limited action, brought pursuant to a Missouri statute, whereby the sole issue to be decided is the immediate right of possession to a parcel of real property. See, e.g., U.S. Bank NA v. Watson, 388 S.W.3d 233, 235 (Mo. Ct. App. 2012); Mo.Rev.Stat. § 543.200. Thus, by itself, an unlawful detainer action does not involve any federal or constitutional issues.

Moreover, there is no indication that diversity jurisdiction exists under 28 U.S.C. § 1332, given that defendant has failed to so plead, and the amount in controversy does not appear to exceed $75,000.[6] As such, the case must be remanded for lack of subject matter jurisdiction.

---

[4] Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. Postma v. First Fed. Sav. & Loan, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." Id.

[5] Mr. Johnson does, indeed, reference a separate action in his notice of removal, also filed in St. Charles County, where he is in fact the plaintiff. See Case No. 1211-CC00740. As Mr. Johnson is aware, since he is the master of his own complaint, he may choose where to file an original action (whether in federal or state court), but as a plaintiff in the action, he cannot remove it to federal court once he has chosen to file it in state court. Pursuant to 28 U.S.C. § 1441(a), only a defendant or defendants may remove a state court action to the district court of the United States for the district and division embracing the place where such an action is pending. (emphasis added)

[6] The Trust has indicated in its motion to remand that judgment was entered in favor of the Trust in an amount of $4,000 per month, beginning on the date of the foreclosure sale, August 14, 2012, until the Trust actually takes possession of the property. The Trust has already moved for a writ of execution. As such, it does it does not appear that the amount in controversy will grow to exceed $75,000. At any rate, Mr. Johnson has not so pled.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for leave to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that defendant's motion for appointment of counsel is **DENIED**. [Doc. 4]

**IT IS FURTHER ORDERED** that plaintiff's motion for remand is **GRANTED**. [Doc. 9]

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Associate Circuit Court of St. Charles County, Missouri.

An appropriate Order of Remand will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this \_\_18th\_\_ day of June, 2013.